[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12912
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20896-MGC-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUANE MILLER,
a.k.a. D,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2016)

Before WILSON, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Duane Miller, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction.  Miller asserts the district court erred in denying his motion because: (1) he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines and (2) his sentence should be lowered based on the Fair Sentencing Act of 2010 (FSA).  Both arguments fail.  Accordingly, we affirm.

First, Miller is not eligible for relief under Amendment 782.  Section 3582(c)(2) authorizes a sentence reduction if the relevant Guidelines amendment has "the effect of lowering the defendant's applicable [G]uideline[s] range." U.S.S.G. § 1B1.10(a)(2)(B).  However, a defendant is barred from § 3582(c)(2) relief, "even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." *See United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *United States v. Hippolyte*, 712 F.3d 535, 540 (11th Cir. 2013). Here, the original sentencing court imposed the relevant statutory mandatory minimum sentence on Miller.  Therefore, Miller is not entitled to relief under Amendment 782.  *See Mills*, 613 F.3d at 1078; *Hippolyte*, 712 F.3d at 540.

Second, under the present procedural posture, Miller cannot challenge his sentence based on the FSA.  The "FSA is not a [G]uidelines amendment . . . but rather a statutory change by Congress, and thus it does not serve as a basis for a §

2

3582(c)(2) sentence reduction."[1]  *United States v. Berry*, 701 F.3d 374, 377 (11th

Cir. 2012) (per curiam).

**AFFIRMED.**

---

[1] Miller also challenges his status as a "career offender" under the Guidelines.  However, as with his FSA claim, Miller cannot raise such a challenge here.  Section 3582(c)(2) only "permits a sentence reduction within the narrow bounds established by" the Guidelines amendments at issue.  *Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2694 (2010).  "In making [a § 3582(c)(2)] determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*."  U.S.S.G. § 1B1.10(b)(1) (emphasis added).  The only amendment raised by Miller, Amendment 782, does not affect any of the Guidelines' career offender provisions.  *See* U.S.S.G. App. C, amend. 782.  As such, Miller's status as a career offender is "outside the scope of the proceeding authorized by § 3582(c)(2)."  *See Dillon*, 560 U.S. at 831, 130 S. Ct. at 2694.